IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                             WESTERN DIVISION

---

PAMELA MOSES,

        Plaintiff,

vs.                                          No. 13-2753-JPM-dkv

AMERICAN APPAREL RETAIL, INC.,
SOPHIE STRAUSS, JANE DOE, and
DOES INCLUSIVE 1-53,

        Defendants.

---

   REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL OF CLAIMS OF
      SEXUAL ORIENTATION DISCRIMINATION, CLAIMS UNDER 42 U.S.C. §
      2000a-d, CLAIMS UNDER TENN. CODE ANN. § 4-21-904 AND STATE LAW
       CLAIMS OF NEGLIGENCE IN STATUTORY DUTY AND PREMISES LIABILITY
                                   AND
   FOR ISSUANCE OF SUMMONS ON REMAINING CLAIM UNDER 42 U.S.C. § 1981
        AND STATE LAW CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL
              DISTRESS AND NEGLIGENT HIRING, TRAINING AND SUPERVISION

---

     On September 27, 2013, the plaintiff, Pamela Moses, a resident of Memphis, Tennessee, filed a *pro se* Complaint For Damages and Demand for Trial pursuant to Title 42 U.S.C. § 1981, 42 U.S.C. § 20001-d, and Tenn. Code Ann. § 4-21-904, naming as defendants American Apparel Retail, Inc. Store #088A ("American Apparel"), Sophie Strauss, Jane Doe, and Does Inclusive 1-53.[1]  (Compl., D.E. 1.)  In her complaint, Moses alleges she suffered discrimination

---

     [1] Service of process cannot be made on unnamed or fictitious parties.  The filing of a complaint against "Jane Doe" and "Doe" defendants does not toll the running of the statute of limitations against those parties.  *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).  Accordingly, it is recommended that the complaint be dismissed against Jane Doe and the Doe defendants.

on account of her "race and sexual orientation." (*Id.* at 2.) Moses also filed a motion seeking leave to proceed *in forma pauperis*. (D.E. 2.) On September 30, 2013, the court issued an order granting Moses leave to proceed *in forma pauperis*. (D.E. 4.) This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that Moses's claim for sexual orientation discrimination, Moses's claims arising under 42 U.S.C. § 2000a-d, Moses's claims under Tenn. Code Ann. § 4-21-904, and Moses's state law claims for negligence in statutory duty and premises liability be dismissed for failure to state a claim upon which relief can be granted and that the Clerk of Court be directed to issue a summons to the defendants, American Apparel and Strauss, on Moses's remaining claims under 42 U.S.C. § 1981 and her state law claims for intentional infliction of emotional distress and negligent hiring, training and supervision.

I. PROPOSED FINDINGS OF FACT

This case arises out of an incident that occurred at the American Apparel store located at 528 S. Main Street, Memphis, Tennessee on September 29, 2012. In her complaint, Moses, an African-American female, alleges that she arrived before the store opened for business, spoke through the door to a store employee to inquire about a particular item, told the employee she would return when the store opened, and when she returned to the store, she

2

selected the items she wanted to try on for size and proceeded to the dressing room. (Compl., D.E. 1 at 2-3.) Moses alleges she was then approached by a female Caucasian employee, Sophie Strauss, the manager, who asked to count the number of items she was taking to the dressing room and then changed the hangers on the items so that the sizes on the hangers matched the sizes on the items. (*Id.* at 3-4.) Moses further alleges that after she finally entered the dressing room, Strauss kneeled down and attempted to peep into the dressing room while Moses was trying on the clothes and when she confronted her, Strauss replied that she was tying her shoe. (*Id.*) Moses states in the complaint that while she was in the dressing room, she overheard Strauss making rude and racially offensive comments about African-American customers to another person. (*Id.*) Moses claims in the complaint that she then dressed, left the dressing room, and proceeded to the register to pay for a pair of tights, but Strauss refused to allow her to purchase the tights and told her to leave the store. (*Id.*) Moses alleges that she asked the African-American cashier to ring up her purchase but the cashier refused, saying that she had been told not to ring up Moses's purchase. (*Id.* at 5.) Moses alleges that other Caucasian customers were allowed to make purchases, but she was not allowed to make her purchase. (*Id.* at 5-6.)

According to the complaint, Strauss then picked up the phone, threatened to call the police, and did, in fact, call the police. (*Id.* at 5-6.) Moses states in the complaint that when the police arrived, Strauss made false statements about Moses and asked that

3

Moses be arrested for theft of store merchandise, and that the officer issued a citation for theft to her based on what Strauss said and after seeing the store surveillance video. (*Id.* at 6.)

Moses sets forth the following seven claims in her complaint: (1) "Plaintiff's First Claim {Respondeat Superior Liability} under Violation of 28 U.S.C. § 1981, § 1982. 42 U.S.C. § 1981, under Human Rights Violation T.C.A. § 4-21-904, Interference with a right to contract;" (2) "Plaintiff's Second Claim; Equal Protection Claim {Vicarious Liability};" (3) "Plaintiff's Third Claim; Direct Cause of Action Retaliation TCA § 4-21-501. (Discrimination prohibited) {Vicarious Liability}"; (4) "Plaintiff's Fourth Claim; Intentional Infliction of Emotional Distress {Vicarious Liability};" (5) "Plaintiff's Fifth Claim; Negligent Hiring, Training and Supervision {Vicarious Liability};" (6) "Plaintiff's Sixth Claim; Negligence in Statutory Duty {Vicarious Liability};" and (7) "Plaintiff's Seventh Claim; Premises Liability." (*Id.* at 8-14.)

In her Prayer for Relief, Moses seeks a judgment for actual damages to be proven at trial, an award of punitive damages in an amount not less than one million dollars ($1,000,000.00), and judgment against American Apparel and Strauss for declaratory relief, including damages for emotional distress, costs, all fees, and other relief she may be entitled to obtain.[2] (*Id.* at 14-15.)

II. PROPOSED CONCLUSIONS OF LAW

---

[2] In each of Claims Fourth – Seventh, Moses also seeks compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000) and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000).

A.  28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Moses has been granted leave to proceed *in forma pauperis*, (D.E. 4), this report and recommendation will constitute the court's screening as to her claims against the defendants.

B.  Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they

plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for

6

frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.
*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   <u>Subject-Matter Jurisdiction</u>

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." In her complaint, Moses alleges the following bases for this court's jurisdiction:

> Jurisdiction of this Court is founded upon under 42 U.S.C. § 1981, 42 U.S.C. § 2000a-d, and T.C.A. § 4-21-904. These atrocious acts of discrimination by Defendant against Pamela Moses on account of Plaintiff's race and sexual orientation. Plaintiff invokes the supplemental jurisdiction of this Court to hear her state law claims pursuant to 28 U.S.C. § 1376(a).

(Compl., D.E. 1, ¶ 2.) The federal statutes cited by Moses are sufficient to confer subject matter jurisdiction under 28 U.S.C. § 1331. This court has supplemental jurisdiction over Moses's state law claims under 28 U.S.C. § 1367.

D.  Moses's Claims Under 42 U.S.C. § 1981

In "Plaintiff's First Claim," Moses contends that American Apparel and Strauss violated 42 U.S.C. § 1981 by refusing her service in denying her the right to purchase goods, specifically a pair of tights.

42 U.S.C. § 1981 provides as follows:

**Equal rights under the law**

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws

and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**(c) Protection against impairment**

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. "Section 1981 prohibits intentional racial discrimination in the making and enforcing of contracts with both public and private actors." *Christian v. Wal-Mart Stores, Inc.*, 252 F. 3d 862, 867-68 (6th Cir. 2001.) In *Christian*, the Sixth Circuit adopted a three-part *prima facie* case for "evaluating claims of race discrimination in the commercial establishment context": (1) plaintiff is a member of a protected class; (2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory." *Id.* at 872.

The factual allegations in Moses's complaint are sufficient for the court to infer the essential elements of a race discrimination claim in the making and enforcing of a contract with American Apparel and to put American Apparel and Strauss on fair notice of Moses's claim and the grounds upon which it rests. The complaint makes clear that Moses is claiming to be a member of a protected class, that she sought to make a contract by purchasing a pair of tights from American Apparel, and she was denied the right to make the purchase while other customers outside the protected class were allowed to make purchases and that the services rendered to her by American Apparel and Strauss were done in a hostile manner.

E.   Claims Under 42 U.S.C. § 2000a *et seq*.

Although Moses claims subject matter jurisdiction based on 42 U.S.C. § 2000a-d, she does not set forth any claim for violation of this statute in her complaint. Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*., prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation. Section 2000a provides:

> **Prohibition against discrimination or segregation in places of public accommodation**
> **(a) Equal access**
>
> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.
>
> **(b) Establishments affecting interstate commerce or supported in their activities by State action as places**

10

**of public accommodation; lodgings; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment; other covered establishments**

Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment

(A)

(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or

(ii) within the premises of which is physically located any such covered establishment, and

(B) which holds itself out as serving patrons of such covered establishment.

**(c) Operations affecting commerce; criteria; "commerce" defined**

The operations of an establishment affect commerce within the meaning of this subchapter if

> (1) it is one of the establishments described in paragraph (1) of subsection (b) of this section;
>
> (2) in the case of an establishment described in paragraph (2) of subsection (b) of this section, it serves or offers to serve interstate travelers of a substantial portion of the food which it serves, or gasoline or other products which it sells, has moved in commerce;
>
> (3) in the case of an establishment described in paragraph (3) of subsection (b) of this section, it customarily presents films, performances, athletic teams, exhibitions, or other sources of entertainment which move in commerce; and
>
> (4) in the case of an establishment described in paragraph (4) of subsection (b) of this section, it is physically located within the premises of, or there is physically located within its premises, an establishment the operations of which affect commerce within the meaning of this subsection. For purposes of this section, "commerce" means travel, trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia and any State, or between any foreign country or any territory or possession and any State or the District of Columbia, or between points in the same State but through any other State or the District of Columbia or a foreign country.
>
> **(d) Support by State action**
>
> Discrimination or segregation by an establishment is supported by State action within the meaning of this subchapter if such discrimination or segregation
>
> (1) is carried on under color of any law, statute, ordinance, or regulation; or
>
> (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof; or
>
> (3) is required by action of the State or political subdivision thereof.

42 U.S.C. § 2000a(a)-(d).

Not every public place is covered by this statute. The covered establishments are set forth in § 2000a(b). *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 240 (6th Cir. 1990). Basically, the establishment must be (1) a lodging place, or (2) a restaurant or facility engaged in selling food, or (3) a theater, arena, or other place of exhibition or entertainment, or (4) an establishment physically located within another covered establishment. The complaint does not include any allegations that American Apparel is a lodging place, a restaurant, or place of entertainment, or other establishment located within a covered establishment. Thus, Moses fails to state a claim for violation of 42 U.S.C. § 2000a *et seq.*, and the court recommends that any such claims be dismissed *sua sponte*.

E.   Moses's Claims Under Tenn. Code Ann. § 4-21-904

Moses purports to set forth a cause of action under Tenn. Code Ann. 4-21-904 in Plaintiff's First Claim and Plaintiff's Third Claim.[3] That statute prohibits discrimination by funded programs. It provides:

> **Discrimination by funded programs prohibited.**
> It is a discriminatory practice for any state agency receiving federal funds making it subject to Title VI of the Civil Rights Act of 1964, or for any person receiving such federal funds from a state agency, to exclude a person from participation in, deny benefits to a person, or to subject a person to discrimination under any program or activity receiving such funds, on the basis of race, color, or national origin.

Tenn. Code Ann. § 4-21-904. Moses, however, does not allege in her

---

[3]   Moses also references violation of Tenn. Code Ann. § 4-2111 in Plaintiff's Third Claim but no such statute exists.

complaint that American Apparel or Strauss are state agencies receiving federal funds or persons receiving federal funds from a state agency. Therefore, Moses fails to state a claim for violation of Tenn. Code Ann. § 4-21-904. In addition, this statute does not prohibit discrimination on the basis of sexual orientation. Accordingly, it is recommended that Moses's claims for violation of Tenn. Code Ann. § 4-21-904 be dismissed *sua sponte* for failure to state a claim.

F.  Moses's Claims for Sexual Orientation Discrimination

Moses does not allege her sexual orientation in the complaint nor does she allege violation of any law that prohibits discrimination based on sexual orientation. Moreover, Moses fails to set forth any factual allegations at all concerning discrimination based on sexual orientation. Accordingly, Moses fails to state a claim for sexual orientation discrimination, and it is therefore recommended that Moses's claims for sexual orientation discrimination be dismissed *sua sponte* for failure to state a claim.

G.  Moses's State Law Claims

Moses asserts the following four state law claims: (1) intentional infliction of emotional distress (Plaintiff's Fourth Claim); (2)negligent hiring, training and supervision (Plaintiff's Fifth Claim; (3) negligence in statutory duty (Plaintiff's Sixth Claim; and (4) premises liability (Plaintiff's Seventh Claim).

"Plaintiff's Sixth Claim" is entitled "Negligence in Statutory Duty," which is not a recognized cause of action in Tennessee and

there are no allegations set forth in "Plaintiff's Sixth Claim" of a breach of a particular statute that establishes some duty on the part of American Apparel or Strauss. As such, Moses's Sixth Claim fails to state a claim for which relief can be granted, and it is therefore recommend that Moses's Sixth Claim be dismissed *sua sponte* for failure to state a claim.

"Plaintiff's Seventh Claim" is entitled "Premises Liability." To state a claim for premises liability under Tennessee law, a business customer injured by a dangerous condition on the property must demonstrate that the dangerous condition was either created by the owner or operator of the property or his agent, or that the owner, operator or agent had actual or constructive notice of the existence of the dangerous condition prior to the accident. *Jones v. Zayre*, 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980)(citing *Gargaro v. Kroger Grocery & Baking Co.*, 118 S.W.2d 561 (1938)); *see Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Moses's complaint does not allege the existence of a dangerous condition on the property or injury to her resulting from a dangerous condition. Accordingly, Moses fails to state a claim for premises liability, and it is recommended that "Plaintiff's Sixth Claim; Premises Liability" be dismissed *sua sponte*.

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that Moses's claim for sexual orientation discrimination, Moses's claims arising under 42 U.S.C. § 2000a-d, Moses's claims under Tenn. Code Ann. § 4-21-904, and Moses's state law claims for negligence in statutory

duty and premises liability be dismissed for failure to state a claim upon which relief can be granted and that the Clerk of Court be directed to issue a summons to the defendants, American Apparel and Strauss, on Moses's remaining claim under 42 U.S.C. § 1981 and Moses's state law claims for intentional infliction of emotional distress and negligent hiring, training and supervision.

It is further recommended that the Clerk be directed to issue process for American Apparel and Strauss and to deliver that process to the marshal for service; that service be made on American Apparel and Strauss pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.

It is further recommended that Moses be ordered to serve a copy of every document filed in this cause on the attorney(s) for American Apparel and Strauss, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[4] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 30th day of October, 2013.

        s/ Diane K. Vescovo
        DIANE K. VESCOVO
        UNITED STATES MAGISTRATE JUDGE

---

[4] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. F<small>ED</small>. R. C<small>IV</small>. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.