```
IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| Pamela Moses, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 13-2753 |
| | ) |
| American Apparel Retail, Inc., | ) |
| Sophie Strauss, Jane Doe, and | ) |
| Does Inclusive 1-53 | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Pro se plaintiff Pamela Moses ("Moses") filed a complaint on September 17, 2013. (Compl., ECF No. 1.) Moses alleges that Defendants American Apparel Retail, Inc. Store # 088A ("American Apparel"), Sophie Strauss ("Strauss"), Jane Doe, and Does Inclusive 1-53 in their personal and official capacities (collectively, the "Defendants") (1) discriminated against her on the basis of her race and sexual orientation in violation of 42 U.S.C. § 1981, 42 U.S.C § 2000a-d, and T.C.A. § 4-21-904; and (2) are liable to her for negligence in statutory duty, premises liability, negligent hiring, training and supervision, and intentional infliction of emotional distress. (Id. at 1-2.) Moses' case was referred to United States Magistrate Judge Diane K. Vescovo on September 30, 2013. On October 30, 2013, the

Magistrate Judge entered a Report and Recommendation (the "Report"). (Report, ECF No. 5.) The Magistrate Judge recommends that the Court dismiss Moses' claims for sexual orientation discrimination, claims under 42 U.S.C. § 2000a-d, claims under Tenn. Code. Ann. § 4-21-904, and Tennessee common law claims of negligence in statutory duty and premises liability (collectively, the "Dismissed Claims"). (Report at 2.) The Magistrate Judge recommends that the court dismiss all of Moses' claims against Jane Doe and Does Inclusive 1-53. Id. at 1 n.1.) The Magistrate Judge recommends that the Clerk of Court be directed to issue summonses to American Apparel and Strauss on Moses' claims under 42 U.S.C. § 1981 and her Tennessee common law claims of intentional infliction of emotional distress and negligent hiring, training and supervision (collectively, the "Summons Claims"). (Id.)

Objections to the Report were due on November 13, 2013. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moses objected to the Magistrate Judge's Report on November 15, 2013, disagreeing only with the Magistrate Judge's conclusion that Moses' claim for sexual orientation discrimination should be

2

dismissed. (Obj., ECF No. 6.) The Defendants have not responded.

A district court is under no obligation to consider an untimely objection to a magistrate judge's report, Bosley v. 21 WFMJ Television, Inc., 245 F. App'x. 445, 450 (6th Cir. 2007) (internal citations omitted). The Court, however, holds Moses to the liberal standards governing pro se plaintiffs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." (internal citations omitted)). The Court will review the Magistrate Judge's findings and conclusions to which Moses has specifically objected. Carson v. Hudson, 421 F. App'x 560, 563 (6th Cir. 2011) (internal citation omitted).

For the following reasons, the Court OVERRULES Moses' objection and ADOPTS the Report of the Magistrate Judge. Moses' Dismissed Claims are DISMISSED. The Court directs the Clerk of Court to issue summonses to American Apparel and Strauss on Moses' Summons Claims.

**I. Background**

Moses alleges that the Defendants are liable for: (1) discrimination based on her race and sexual orientation; (2) intentional infliction of emotional distress; (3) negligent

3

hiring, training, and supervision; (4) negligence in statutory duty; and (5) premises liability. (Report at 14, ECF No. 5.)

The Magistrate Judge found that Moses' claims arise out of an incident at American Apparel Store #088A in Memphis, Tennessee, on September 29, 2012. (Id. at 2.) Moses, an African-American female, arrived at the store before it opened and asked a store employee about various items. (Id.) Moses returned to the store after it opened, selected the items about which she had inquired, and proceeded to the dressing room. (Id. at 2-3.)

Strauss, a Caucasian female, approached Moses and counted the items Moses was taking into the dressing room. (Id. at 3.) Strauss knelt down and tried to look into the dressing room while Moses was there. (Id.) When Moses asked what Strauss was doing, she replied that she was tying her shoe. (Id.) Moses overheard Strauss make rude and racially offensive comments about African-American customers to another person. (Id.) Moses left the dressing room to pay for a pair of tights. (Id.) Strauss refused to allow her to purchase the tights. (Id.) Strauss told Moses to leave the store. (Id.) Moses asked an African-American cashier to ring up her purchase. (Id.) The cashier refused because she said she had been told not to ring Moses up. (Id.) Moses alleges that Caucasian customers were allowed to make purchases at this time. (Id.)

4

Strauss called the police. (Id.) Moses alleges that Strauss made false statements about Moses to the police when they arrived. (Id.) Strauss asked the police to arrest Moses for theft. (Id. at 3-4.) The police reviewed the store surveillance video and cited Moses for theft based on the video and what Strauss told them. (Id. at 4.)

The Magistrate Judge has drawn the following conclusions. Service of process cannot be made on unnamed or fictitious parties. (Id. at 1, n.1.) Filing a complaint against a "Jane Doe" and "Doe" defendants does not toll the running of the statute of limitations against those parties. (Id.) Moses' claims against Jane Doe and Does Inclusive 1-53 should be dismissed sua sponte for failure to state a claim.

Moses has stated a claim for discrimination on the basis of race under 42 U.S.C. § 1981 based on Defendants' refusal to serve Moses by denying her the right to purchase goods. (Id. at 8.) Moses has stated a claim for intentional infliction of emotional distress. (Id. at 16.) Moses has stated a claim for negligent hiring, training, and supervision. (Id.)

Moses has not alleged a claim for discrimination in places of public accommodation in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-d. (Id. at 10.) The complaint does not allege that American Apparel Store #088A is a covered establishment under the statute. (Id. at 13.) There

5

are no allegations that it is a lodging place, restaurant, place of entertainment, or other establishment located in a covered establishment. (Id.) Moses' claim under 42 U.S.C. § 2000a-d should be dismissed sua sponte for failure to state a claim.

Moses has not alleged a claim for discrimination by funded programs in violation of T.C.A. § 4-21-904. (Id.) Moses does not allege that the Defendants were state agencies receiving federal funding or persons receiving federal funds from a state agency. (Id. at 13-14.) Moses' claim under T.C.A. § 4-21-904 should be dismissed sua sponte for failure to state a claim.

Moses has not alleged a claim for sexual orientation discrimination because she does not allege the violation of any law that prohibits discrimination based on sexual orientation. (Id. at 14.) Moses does not assert any facts about her sexual orientation in her complaint. (Id.) She does not allege any facts about discrimination based on sexual orientation. (Id.) Moses' claims for discrimination based on her sexual orientation should be dismissed sua sponte for failure to state a claim.

Moses has not alleged a claim for negligence in statutory duty. (Id.) That is not a recognized cause of action in Tennessee. (Id.) There are no allegations that a particular statute establishes a duty the Defendants violated. (Id. at 15.) Moses' claim for negligence in statutory duty should be dismissed sua sponte for failure to state a claim.

Moses has not alleged a claim for premises liability. (Id. at 15.) Moses does not allege any facts to support a finding that there was a dangerous condition at American Apparel Store # 088A or that her injury resulted from a dangerous condition. (Id.) Moses' claim for premises liability should be dismissed sua sponte for failure to state a claim.

Moses objects only to the Magistrate Judge's recommendation that the Court dismiss Moses' claim for sexual orientation discrimination. (Object. at 1-2, ECF No. 6.)

## II. Jurisdiction

Moses brings suit under 42 U.S.C. § 1981; Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-d; T.C.A. § 4-21-904; and state tort law. The Court has federal question jurisdiction under 28 U.S.C. § 1331 over Moses' § 1981 and Title II claims. The Court has supplemental jurisdiction over Moses' claims under T.C.A. § 4-21-904 and state tort law under 28 U.S.C. § 1367 because those claims derive from a "common nucleus of operative fact." See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

## III. Standard of Review

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or

7

modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151. Otherwise, a district court would be forced "to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. . . . [which] would be an inefficient use of judicial resources." Id. (internal citations omitted); accord Javaherpour v. United States, 315 Fed. App'x. 505, 509 (6th Cir. 2009).

**IV. Analysis**

In considering dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of

8

legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 679.

The Magistrate Judge recommends that the Court dismiss sua sponte Moses' claims for discrimination in places of public

9

accommodation under Title II, discrimination by federally funded programs under T.C.A. § 4-21-904, sexual orientation discrimination, negligence in statutory duty, and premises liability. (Report at 2.) Moses objects only to the Magistrate Judge's conclusion that her claim for sexual orientation discrimination should be dismissed. (Obj. at 1-2.) The Court ADOPTS those findings of fact and conclusions of law to which no objection has been made. Arn, 474 U.S. at 151.

Moses argues that federal law protects a person from sexual orientation discrimination. (Obj. at 1.) She cites Title VII of the Civil Rights Act of 1964 and contends it is undisputed that the Defendants made statements and took discriminatory action based on her sexual orientation. (Id.) Moses argues that she is not required to state her sexual orientation in her complaint. (Id. at 2.) She seeks to amend her complaint. (Id.)

Moses' reliance on Title VII is not well taken. "[U]nder Title VII, sexual orientation discrimination is not a protected classification." Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 471 (6th Cir. 2012) (internal citations omitted). Moses cannot state a claim for sexual orientation discrimination under Title VII.

Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting

against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

**V.    Conclusion**

For the foregoing reasons, Moses' objection is OVERRULED.  The Magistrate Judge's Report is ADOPTED.  Moses' claims for sexual orientation discrimination, claims under 42 U.S.C. § 2000a-d, claims under Tenn. Code. Ann. § 4-21-904, and state law claims of negligence in statutory duty and premises liability are DISMISSED.  Moses' claims against the Jane Doe and Does Inclusive 1-53 are DISMISSED.  The Court directs the Clerk of Court to issue summonses to American Apparel and Strauss on Moses' remaining claim under 42 U.S.C. § 1981 and state law claims of intentional infliction of emotional distress and negligent hiring, training and supervision.

So ordered this 19th day of March, 2014.

s/ Samuel H. Mays, Jr.<br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE