IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PAMELA MOSES,

      Plaintiff,

vs.                                    No. 13-2753-SHL-dkv

AMERICAN APPAREL RETAIL, INC.
and SOPHIE STRAUSS,

      Defendants.

---

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS

---

On September 27, 2013, Moses filed a *pro se* complaint naming as defendants American Apparel Retail, Inc. Store #088A ("American Apparel"), Sophie Strauss ("Strauss"), Jane Doe, and Does Inclusive 1-53. (Compl., ECF No. 1.) The basis of Moses's lawsuit is an incident in which Strauss, at the time a manager of an American Apparel store, allegedly insulted and refused to sell merchandise to Moses. On September 30, 2013, the court issued an order granting Moses leave to proceed *in forma pauperis*. (ECF No. 4.) This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Before the court are the following motions: (1) American Apparel's November 24, 2014 motion to dismiss this case pursuant

to Rule 41(b) of the Federal Rules of Civil Procedure, (ECF No. 82); (2) American Apparel's April 29, 2015 motion to dismiss this case pursuant to Rule 37(b)(2)(A) of the Federal Rules of the Civil Procedure, (ECF No. 152); and (3) American Apparel's May 29, 2015 motion to dismiss this case pursuant to Fed. R. Civ. P. 37(b)(2)(A), (ECF No. 167). On December 16, 2014, Moses filed a response in opposition to American Apparel's November 24, 2014 motion to dismiss, (ECF No. 99), to which American Apparel replied on April 29, 2015, (ECF No. 151). Moses did not file responses to American Apparel's April 29 and May 29, 2015 motions to dismiss, and the time for the responses has expired.

For the reasons stated below, it is recommended that Moses's complaint be dismissed pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A).

## I.  PROPOSED FINDINGS OF FACT

Moses filed this suit on September 27, 2013, well over a year and a half ago. The U.S. Magistrate Judge promptly entered a Report and Recommendation on October 30, 2013, recommending dismissal of some of Moses's claims but recommending that the Clerk of Court issue summonses for American Apparel and Strauss on Moses's claims under 42 U.S.C. § 1981 and her Tennessee common law claims of intentional infliction of emotional distress and negligent hiring, training and supervision. (ECF No. 5.)  By order dated March 19, 2014, as amended on April 3,

2014, the presiding U.S. District Judge, the Honorable Samuel H. Mays ("Judge Mays"), adopted the Report and Recommendation in its entirety. (ECF No. 7.)[1]  A torrent of filings followed which has resulted in a particularly litigious docket.

A.  Moses's Attempts to Serve Strauss and the Court's Warnings

In the Report and Recommendation, the Magistrate Judge recommended that Moses:

> Be ordered to serve a copy of every document filed in this cause on the attorney(s) for American Apparel and Strauss, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules . . . be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

(*Id.*)  On April 3, 2014, Judge Mays directed the Clerk of the Court to issue the summonses and to deliver those summonses to the U.S. Marshal for service. (ECF No. 10.)  American Apparel was served on April 9, 2013, (ECF No. 11), and filed its answer on April 30, 2014, (ECF No. 13).  Sophie Strauss was never served.  On April 11, 2014, the Marshall returned the original summons for Strauss unexecuted. (ECF No. 12.)  Thereafter, Moses filed several motions for reissuance of service of process to Strauss.  By order dated May 6, 2014, the court granted Moses's first motion to reissue process for Strauss and

---

[1]On May 23, 2014, the Honorable Sheryl H. Lipman ("Judge Lipman") was added as presiding judge over this action. (ECF No. 20.)

specifically ordered Moses "to serve a copy of every document filed in this cause on the attorneys for the defendants," and warned her that "failure to comply with these requirements, or any other order of the court, may result in the dismissal of this case without further notice." (ECF No. 16.)  The summons was returned unexecuted as to Strauss. (ECF No. 19.)

Again, on June 24, 2014, the court granted Moses's second motion to reissue process for Strauss. (ECF No. 23.)  Because Moses neither consulted with American Apparel's counsel prior to filing the motion nor served a copy of her motion on American Apparel's counsel, the court again warned Moses that failure to comply with the rules of procedure, the local rules of court, and orders of the court would result in dismissal of her case. (ECF No. 23.)  The June 24, 2014 summons was again returned unexecuted. (ECF No. 27.)

At a scheduling conference held on July 29, 2014, the court extended the time for service pursuant to Fed. R. Civ. P. 4(m), giving Moses until August 29, 2014 to file a motion to reissue service on Strauss. (ECF Nos. 29, 30.)  At the scheduling conference, Moses was verbally reminded that she must serve a copy of every filing on counsel for American Apparel and she was warned of the consequences of failure to do so. On August 25, 2014, Moses filed a third motion to reissue summons, (ECF No. 34), and, on August 27, 2014, the court denied Moses's third

request to issue process for Strauss to the same defective address provided in her prior request, (ECF No. 35). Nevertheless, the court again extended the time for effecting service on Strauss for an additional thirty days. (*Id.*) On October 10, 2014, the court denied Moses's fourth request to reissue process for Strauss and recommended dismissal of claims against Strauss for failure to effect timely service. (ECF No. 48.) In that order, the court again admonished Moses for failing to consult with opposing counsel prior to filing her motion to reissue summons to Straus and failing to serve a copy of the motion on opposing counsel. (*Id.*) The court stated:

> Accordingly, Moses is warned again, and for a final time, that any further motions or pleadings that disobey the court's orders — especially those requirements laid out in the court's scheduling order pertaining to consultation and compliance with Local Rules — will result in sanctions, including dismissal of her case without further notice.

(*Id.*)

In an order dated December 30, 2014, Judge Lipman delayed accepting the Report and Recommendation and gave Moses an additional fifteen days to personally serve Strauss. (ECF No. 100.) On January 15, 2015, Moses filed another motion to reissue service of process on Strauss, (ECF No. 103), which Judge Lipman denied, (ECF No. 104). Nevertheless, in light of Moses's arrest, Judge Lipman gave Moses "one final chance" to effectuate service of process on Strauss by February 4, 2015,

fourteen days from the date of the order. (*Id.*) Pending before the court, is Moses's February 5, 2015 motion to reconsider or extend time to reissue service on Strauss, (ECF No. 112), to which American Apparel responded on February 19, 2015, (ECF No. 114).

B.  Moses's  Initial  Disclosures  and  American  Apparel's
    Discovery Requests

At the July 29, 2014 scheduling conference, the deadline for providing initial disclosures was set for August 12, 2014. (ECF Nos. 29, 30.)  On August 12, 2014, American Apparel served its initial disclosures on Moses. (ECF No. 32.)  Moses failed to timely provide initial disclosures to American Apparel.  On the same day, August 12, 2104, American Apparel served its First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions on Moses. (ECF No. 33.)  Moses neither responded to American Apparel's written discovery within the time permitted under the Rules nor requested an extension of time in which to do so. (*See* Def.'s Mem. of Law in Support of Mot. to Compel 3, ECF No. 40-1.)  After attempting to resolve the matter with Moses, (Certificates of Consultation, ECF Nos. 40-2, 41-2, 42-2), American Apparel filed various discovery motions.  In its discovery motions, American Apparel sought expenses and fees pursuant to Rule 37(a)(5)(A) for bringing the discovery motions and other appropriate sanctions under Rule

37(b)(2)(A)(i)-(vi). Thereafter, Moses served responses to American Apparel's written discovery on October 17, 2014, over a month late. (ECF No. 44.)

In an order dated November 5, 2014, the court found that Moses's failure to respond to American Apparel's discovery request was not substantially justified and awarded American Apparel reasonable expenses in seeking responses to its written discovery. (Order 7-8, ECF No. 62.) The court warned Moses that "failure to comply with discovery orders . . . will lead to dismissal of her complaint as a sanction under Rule 37(b)(2)(A)." (*Id.* at 9.) As to initial disclosures, the court found that Moses's failure to provide initial disclosures was not substantially justified or harmless" and awarded American Apparel reasonable expenses incurred in bringing the motion. (*Id.* at 11-12.)[2] On January 27, 2015, the court ordered Moses to pay to American Apparel by February 25, 2014, the total sum of $2,713.50 incurred in seeking discovery and preparing and filing the motion to compel. (ECF No. 110.) Moses has failed to pay the $2,713.50 to American Apparel as

---

[2]On November 6, 2014, Moses filed a document entitled "Second Filing of Plaintiff's Initial Disclosures." (ECF No. 63.) In this filing, Moses blames the Clerk's Office for not appropriately docketing the first initial disclosures that she filed. (*Id.*) On November 12, 2014, Moses filed a motion asking the court to accept the late filing of the initial disclosures, where she again asserts that the Clerk's Office did not docket her initial filing. (ECF No. 66.) This motion is pending.

ordered. (Def.'s Notice of Nonpayment of Sanctions, ECF No. 116.)

On February 25, 2015, American Apparel filed a second motion to compel Moses to respond fully and completely to twenty of American Apparel's interrogatories and twenty-three of its requests for production of documents served on Moses in August of 2014. (ECF No. 117.) Moses did not file a timely response to American Apparel's motion, and on April 2, 2015, the court ordered Moses to serve more complete responses to American Apparel's interrogatories and requests for production of documents. (ECF No. 133.) The court also granted American Apparel's motion for reasonable fees incurred by American Apparel in seeking responses to its written discovery and bringing the motion to compel, (*Id.*), and on April 29, 2014 ordered Moses to pay American Apparel the sum of §1,188.00, (ECF No. 150).

In its April 2, 2015 order, the court warned Moses that "any further failure to comply with proper discovery request, discovery obligations, or orders of this court will lead to imposition of any of the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi) including specifically dismissal of her complaint." (ECF No. 133.) Moses has not served responses to American Apparel's interrogatories and requests for production of documents consistent with the court's April 2, 2015 order.

C. <u>Moses's Attempts to Quash American Apparel's Subpoenas</u>

After receiving Moses's responses to discovery, American Apparel, on October 22, 2014, served subpoenas *duces tecum* on the third-party medical providers, employers, and academic institutions listed in Moses's interrogatory responses with copies to Moses. Moses made numerous attempts to quash the subpoenas or prevent the production of responsive documents, all of which have been denied. On October 27, 2014, Moses filed a motion for protective order seeking to prohibit discovery of any of her medical records, educational history, and employment history. (Mot. for Protective Order, ECF No. 57; Mem. of Law, ECF No. 59.) On October 31, 2014, Moses filed a motion to quash the subpoenas issued by American Apparel to Moses's medical providers, her past employers, and her academic institutions. (ECF No. 60.) In an order dated November 5, 2014, the court denied Moses's motion to quash the subpoenas because she failed to attach copies of the subpoenas at issue or otherwise identify the person or entity to which the subpoenas were directed. (ECF No. 62.) In another order dated November 10, 2014, the court denied Moses's motion for protective order holding that the discovery of Moses's mental and medical history and condition, her educational status and background, and her employment history are relevant and therefore discoverable. (ECF No. 65.) Thereafter, on November 17, 2014, Moses filed a

motion for an order staying the November 10, 2014 order while she perfected an appeal to the Sixth Circuit, (ECF No. 69), which the court denied on March 27, 2015, (ECF No. 129).

On November 20, 2014, Moses filed an amended or second motion to quash the subpoenas, (ECF No. 79), and on February 26, 2015 Moses filed another motion to quash a subpoena for medical records and for a protective order and for criminal sanctions against American Apparel, (ECF No. 119). By order dated March 31, 2015, the court denied Moses's last two attempts to quash the subpoenas. (ECF No. 130.) Being unable to quash the medical subpoenas, Moses recently filed a "Notice of Voluntary Dismissal of Some Claims," seeking to voluntary dismiss "all claims that deal with medical and mental abuse." (ECF Nos. 141, 142.)[3]

D. Moses's Emails to the Subpoenaed Third-Parties

One of the academic institutions that American Apparel served a subpoena upon was Union University in Jackson, Tennessee. On October 22, 2014, Union University received an "Objection to Disclosure of Documents" from "Attorney Michael Working" at "The Working Law Firm" which referred to an "illegal

_____

[3]The court interprets this notice as an attempt by Moses to dismiss her claim for intentional infliction of emotional distress. Moses's remaining claims would be: (1) § 1981 claim which rests on her assertion that American Apparel refused Moses service in denying her the right to purchase a pair of tights; and (2) negligent hiring, training and supervision. (*See* ECF Nos. 7, 141, 142.)

subpoena" and stated that "A Motion to Quash has been filed." (Mem. in Supp. of Mot. 4, ECF No. 82-1; Ex. A, ECF No. 82-3.) The "Objection" further requested the university to "not prepare any documents, release any information, and [] not verify any information . . . for this would be a violation of [Moses's] privacy." (*Id.*) The "Objection" to Union University was sent from Moses's personal email. (*See* ECF No. 82-4.) In a letter dated October 24, 2014, Union University notified Moses that it would not comply with the "Objection" because, after reviewing the docket, it determined that no motion to quash the subpoena had been filed and that attorney Michael Working ("Working") had not entered an appearance representing Moses. (ECF No. 82-3.) University of Tennessee also received an identical "Objection" from Working which was also emailed from Moses's personal email address. (*See* ECF No. 82-6.)

In a telephone conference with counsel for American Apparel, Working advised American Apparel's counsel that he did not represent Moses, he did not prepare the "Objection" and he did not authorize the placement of his name on the "Objections." (ECF No. 82-5.) In her response to American Apparel's November 24, 2014 motion to dismiss, Moses stated that she did not "intentionally interfere with the unlawful subpoena served upon third parties and makes no admissions or denials" with regard to the subpoenas to Union University and the University of

Tennessee and the "Objections." (Moses's Resp. to American Apparel's Mot. to Dismiss 8, ECF No. 99-1.)

E. American Apparel's Attempts to Depose Moses and the Extension of Discovery Deadline

The scheduling order established February 27, 2015 as the deadline for completing discovery. (ECF No. 29.) On February 19, 2015, American Apparel filed a notice to take video deposition of Moses on February 26, 2015 at the jail facility where Moses was located. (ECF No. 115.) On February 26, 2015, Moses filed a "Notice of Unavailability of Video Deposition," stating that she was not available to give a deposition. (ECF No. 120.)

Because American Apparel had not received many of the documents sought by the subpoenas, had not yet deposed Moses, and had not received answers to its discovery requests, on February 26, 2015, American Apparel filed a motion to extend the deadline in the scheduling order for the limited purpose of allowing American Apparel to complete discovery it had commenced prior to the discovery deadline and to depose Moses. (ECF No. 118.) On April 2, 2015, the court entered an order granting American Apparel's motion to extend the discovery deadline to May 15, 2015, to allow American Apparel additional time to complete its discovery and depose Moses. (ECF No. 132.)

On May 1 and 5, 2015, American Apparel contacted Moses to

schedule her deposition. (*See* ECF Nos. 167-2, 167-3, 167-4.)
Having received no cooperation from Moses, on May 11, 2015,
American Apparel filed a second notice to take video deposition
of Moses on May 15, 2015 at the Shelby County Courthouse in
Memphis, Tennessee. (ECF No. 157.) On May 14, 2015, Moses
filed another "Notice of Unavailability to Attend Video
Deposition," asserting that she was not properly consulted and
she cannot enter the location because of an active order of
protection. (ECF No. 160.)

F.    Moses's Attempts to Recuse the U.S. Magistrate Judge

Moses has filed two motions to recuse me, the undersigned
U.S. Magistrate Judge from her case. On October 24, 2014, Moses
filed her first request to recuse me from her case, (ECF No.
55), which was denied on November 5, 2014, (ECF No. 62). Moses
noted objections and requested a hearing before Judge Lipman,
and by order dated January 6, 2015, Judge Lipman treated Moses's
request for a hearing as an appeal of my order denying her
motion for transfer of her case or recusal, denied the motion
for a hearing, and denied her objections to my order denying
recusal. (ECF No. 101.) On December 2, 2014, the same day
Moses filed the afore-mentioned request for a hearing and before
the district judge's order was entered denying her objections,
Moses filed a second motion for recusal. (ECF No. 91.)
Because Moses's second motion for recusal violated Local Rules

13

and relevant law, Moses's motion was denied and Moses was warned that "any further such motion by Moses will be subject to sanctions pursuant to Local Rule 7.3(c)." (ECF No. 127.)

G.  Other Miscellaneous Motions Filed by Moses

On October 6, 2014, Moses sent an email communication to the court *ex parte* consisting of an email to opposing counsel entitled "Your Motion."[4]  In an order October 20, 2014, the court ordered Moses not to communicate about a pending matter with the court or court personnel directly by letters, emails, phone calls, or otherwise. (ECF No. 48.)  Despite this order, the next day, Moses sent the same email to Judge Fowlkes. (ECF No. 51.)

On November 24, 2014, Moses filed a motion seeking imposition of Rule 11 sanctions against Jeff Nicoson, attorney for American Apparel. (ECF No. 93.)  In an order dated April 10, 2015, the court stated that Moses failed to comply with Rule 11's safe harbor prerequisites because she failed to demonstrate that she served the motion on American Apparel counsel twenty-one days before filing the motion with the court. (ECF No. 136.)  The court also found that Moses's motion was frivolous and did not constitute a violation of Rule 11. (*Id.*)  The court granted American Apparel's request for reasonable expenses

---

[4]Thereafter, Moses filed a "Notice of Ex Parte Email" with the court. (ECF No. 43.)

incurred in responding to Moses's motion, (*Id.*), and on April 29, 2015, the court ordered that Moses pay the sum of $891 to American Apparel, (ECF No. 150).

On April 20, 2015, Moses filed another motion seeking imposition of sanctions against American Apparel, pursuant to Federal Rules of Civil Procedure 9(b) and 37, for allegedly making a false statement in its memorandum in support of its motion to compel. (ECF No. 147.)  In an order dated April 28, 2015, the court denied Moses's motion finding that American Apparel did not make any fraudulent statements and that neither Rule 9 nor Rule 37 were applicable to provide for the relief sought by Moses. (ECF No. 149.)  Notably, Moses again did not consult with counsel for American Apparel nor serve her motion on counsel for American Apparel. (*See* ECF No. 148.)

On March 13, 2015, Moses filed a motion for an order holding this case in abeyance and continuing it from "term to term" pending her release from jail. (ECF No. 124.)  In an order dated March 31, 2015, the court denied Moses's motion stating that "[s]ince her detention, [Moses] has filed nine motions, notices, or other pleadings in this case," and therefore, Moses "has demonstrated the ability to adequately pursue her case while detained in jail." (ECF No. 131.) Shortly thereafter, on April 17, 2015, Moses filed another similar motion, currently pending before the court, asking for a

ninety day stay on all matters, (ECF No. 143), and on May 14, 2015, Moses filed yet another motion for a ninety day emergency stay, (ECF No. 161), that was denied by the court on May 20, 2015, (ECF No. 165).

## II.  PROPOSED CONCLUSIONS OF LAW

In its motions to dismiss, American Apparel seeks dismissal of the lawsuit under Rule 41(b) or the imposition of sanctions including dismissal of this lawsuit under Rule 37(b)(2)(A), based on Moses's conduct of not following orders of the court, not providing discovery responses, not paying court-ordered sanctions, refusing to be deposed, and actively taking steps to thwart discovery by interfering with American Apparel's subpoenas.  (ECF Nos. 82, 152, 167.)  Moses responded to American Apparel's first motion to dismiss by generally denying that she acted in bad faith or failed to comply with the court's order.  (ECF No. 99.)  Moses did not respond to American Apparel's second and third motions to dismiss.

Federal Rule of Civil Procedure 37(b)(2)(A) empowers the court to issue a number of sanctions in the event a party fails to obey a discovery order.  Among such sanctions is dismissal of the action in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A)(v). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort."  *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546,

16

552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)(citing *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)). In determining whether to dismiss an action, the court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens*, Inc., 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Another Federal Rule of Civil Procedure, Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013)(citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In determining whether to dismiss an action under Rule 41(b), the court

considers the same factors as those considered under Rule 37(b)(2)(A). *Id.* at 569-70. Dismissal under Rule 41(b) is warranted when there is a "clear record of delay or contumacious conduct by the plaintiff" and when the plaintiff "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted).

Dismissal of Moses's complaint is the only appropriate sanction in this case. As discussed below, all four factors of the Sixth Circuit's test are satisfied.

A. Whether Moses Acted with Willfulness, Bad Faith, or Fault

To dismiss an action with prejudice under Rule 37, the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland*, 103 F.3d at 1277. "Willfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31-32 (6th Cir. 2012)(stating that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order (citing *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011)).

Here, as set forth below, Moses has demonstrated by her conduct both an intent to thwart judicial proceedings by her constant delay and contumacious conduct and a reckless disregard for the effect of her conduct on the judicial proceedings.

1. *Moses Has Failed to Abide with the Court's Orders*

The record in this case reflects that Moses has failed to abide with this court's orders. Moses failed to timely serve her initial disclosures and responses to American Apparel's discovery requests. After providing belated responses to American Apparel's discovery request, Moses was first notified on December 19, 2014 that her responses were deficient. (ECF No. 117-6.) Moses did not supplement her responses and American Apparel filed a motion to compel to which Moses failed to respond. On April 2, 2015, the court ordered Moses "to serve more complete responses to Interrogatory Nos. 1, 3-12, 14-19, and 21-23 and Request Nos. 1-7, 10-14, 16-20, 22-24, 26-27, and 29 of American Apparel's First Set of Interrogatories and Production of Documents in a sworn supplemental response within fourteen days of the date of this order." (Order 2, ECF No. 133.) To this day, Moses has still not provided more complete responses to American Apparel's discovery request. Moses has had ample time, over six months since she was first notified of the deficiencies, to respond to American Apparel's discovery

requests.  Such failure is due to her own willfulness and fault
and has resulted in a delay in discovery.

Further, Moses has failed to pay or make arrangements to
pay sanctions ordered by this court on January 27, 2015, (ECF
No. 110), and April 29, 2014, (ECF No. 150).

2.  *Moses Has Failed Twice to Appear at Her Deposition*

Moses has failed twice to appear for her properly noticed
deposition and has failed to timely notify the court or American
Apparel that she would not attend the depositions.  On February
19, 2015, American Apparel filed its first notice to take
Moses's deposition on February 26, 2015.  (ECF No. 115.)  Moses
waited until the day of the scheduled deposition to file a
notice of unavailability.  (ECF No. 120.)

Thereafter, American Apparel was granted an extension of
the discovery deadline in order to take Moses's deposition.
American Apparel made attempts to schedule Moses's deposition
within the May 15, 2015 discovery deadline.  Moses failed to
cooperate in scheduling a deposition and at one point replied
that she could not appear for a deposition by the deadline
because she had "to be acclimated back to society."  (*See* ECF
No. 167-4.)  On May 11, 2015, American Apparel filed its second
notice to take Moses's deposition on May 15, 2015 at the Shelby
County Courthouse in Memphis, Tennessee.  (ECF No. 157.)  On
May 14, 2015, Moses filed another notice of unavailability

asserting that she cannot enter the location because of an active order of protection. (ECF No. 160.)

Even assuming that such an order of protection would indeed prevent Moses from entering the Shelby County Courthouse for official business, Moses has failed to show why she could not arrange for a deposition before the May 15, 2015 deadline at a different location. Moses's failure to cooperate in scheduling a deposition, her failures to appear for properly noticed depositions, and the various frivolous excuses are nothing but dilatory tactics and reflect her unwillingness to prosecute her instant case. Moses's repeated failure to appear for her own properly noticed deposition is grounds for dismissal of her complaint. *See* Rule 37(d)(3)(stating that the court may order Rule 37(b)(2)(A) sanctions, including dismissal of the complaint, where a party fails, after being served with proper notice, to appear for her deposition); *Bell & Beckwith v. U.S., I.R.S.*, 766 F.2d 910, 912 (6th Cir. 1985)(affirming dismissal of plaintiff's complaint given his "repeated, unexplained failures to appear for depositions); *Williams v. Select Specialty Hosp.- Nashville, Inc.*, No. CIV. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010)(dismissing the plaintiff's complaint for failure to attend his deposition).

3. *Moses Has Violated the Federal Rules of Civil Procedure by Interfering with American Apparel's Subpoenas*

21

By interfering with American Apparel's subpoenas to the third-parties, Moses has violated Federal Rules of Civil Procedures 45. As an initial matter, the docket reflects that Moses is proceeding *pro se* and that Working is not Moses's counsel in this matter. Working also verbally confirmed to American Apparel that he did not prepare the "Objection to Disclosure of Documents," that was sent from Moses's email address to Union University and the University of Tennessee. (ECF No. 82-5.) In her response to American Apparel's November 24, 2014 motion to dismiss, Moses did not unequivocally deny sending fraudulent emails to the subpoenaed third-parties, but, instead she stated that she "makes no admissions or denials" with regard to the subpoenas and "Objections." (Moses's Resp. to American Apparel's Mot. to Dismiss 8, ECF No. 99-1.)

Even assuming that Working did indeed send or authorize the "Objection to Disclosure of Documents," to the third-parties, such an action is a clear violation of Rule 45. Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), American Apparel is permitted to subpoena a non-party to produce documents. The non-party may object, respond, or move to quash the subpoena. Fed. R. Civ. P. 45(d). An adversary to the party seeking information may also move to quash the subpoena provided that "the adversary has a personal right or privilege to the

information sought." *Price v. Trans Union, LLC*, 847 F. Supp. 2d
788, 794 (E.D. Pa. 2012)(citing Fed. R. Civ. P. 45(d)(3)).
Rule 45 does not contemplate that the adversary of the party
seeking information may advise the non-party commanded by the
subpoena to ignore the subpoena's command. *See* Fed. R. Civ. P.
45; *Price*, 847 F. Supp. 2d at 794. This is precisely what
Moses did when she sent emails asking the non-parties to "not
prepare any documents, release any information, and [] not
verify any information." (*See* ECF No. 82-3.) Such an action
is in "willful bad faith" because the emails were sent in direct
violation of the procedure set out in Rule 45. *See Price*, 847
F. Supp. 2d at 794-96 (sanctioning the attorney because by
sending letters to subpoenaed third-parties, the attorney "took
it upon himself to limit or attempt to quash the subpoenas"
(internal quotation marks omitted)); *Fox Indus., Inc. v.
Gurovich*, No. CV03-5166(TCP)(WDW), 2006 WL 2882580, at *8-10
(E.D.N.Y. Oct. 6, 2006)(sanctioning the attorney for sending
letters to the subpoenaed third-parties and holding that the
letters constituted an abuse of process).

Moses's conduct is a clear attempt to subvert the discovery
process. If Working indeed authorized the letters sent via
Moses's email to the subpoenaed third-parties, he would be
subject to sanctions. If Moses used Working's name deceptively

to send the letters, such conduct is even more reprehensible.[5] In either case, the letters sent via Moses's email to the third-parties directing them to not respond to the subpoenas are "clear evidence of [her] bad faith and vexatious behaving, evincing a deliberate effort to usurp the authority of the court." *Gurovich*, 2006 WL 2882580, at *10.

4. *Moses Has Filed Frivolous Motions and Engaged in Obstructionist and Dilatory Conduct*

Moses has continuously ignored the court's rulings and filed a litany of motions, often duplicative of one another, attempting to prevent American Apparel from obtaining discoverable materials. Undeterred by the court's consistent denial of her attempts as unmeritorious, Moses filed six motions to quash the subpoenas. (ECF Nos. 57, 60, 69, 79, 119.) Further, Moses's February 5, 2015 motion to reconsider or extend time to issue service on Strauss, (ECF No. 112), marks her sixth attempt to reissue process on Strauss, (*See* ECF Nos. 15, 21, 34, 36, 103). Moses has also consistently ignored this court's refusal to stay the case and has attempted at least four times to prevent her case from going forward due to a variety of reasons. (*See* ECF Nos. 111, 124, 143, and 161.) Similarly, Moses ignored the court's denial of her first motion to recuse

---

[5] Moreover, such a conduct is a criminal offense under Tennessee law, which makes it unlawful for any person to use a false identification for the purpose of obtaining services or privileges from another person. Tenn. Code Ann. 39-16-303

the undersigned U.S. Magistrate Judge and filed a second motion for recusal, (ECF No. 91). Such conduct is clearly vexatious and dilatory. Moreover, Moses's filing of repetitive motions stating arguments previously rejected by the court shows a lack of disrespect for this court's rulings.

Moses has failed to comply with the court's Local Rules and this court's prior orders directing Moses to consult with American Apparel Counsel prior to filing motions and to serve the motions on American Apparel counsel. Despite receiving multiple warnings that such conduct would result in dismissal of her complaint, (*See* ECF Nos. 16, 23, 48), Moses openly defied the court by not consulting with counsel for American Apparel nor serving her February 5, 2015 and April 20, 2015 motions on counsel for American Apparel. Moses's failure to abide by this court's Local Rules and orders after repeated warnings of dismissal is evidence of her contumacious conduct.

Moses has also filed frivolous motions, such as her November 24, 2014 motion seeking imposition of Rule 11 sanctions against the attorney for American Apparel. (See ECF Nos. 93, 136.) Finally, Moses failed to even respond to American Apparel's motions to dismiss. This course of conduct constitutes a clear record of delay and is evidence of Moses's willful behavior in thwarting judicial proceedings.

**B.** <u>Whether American Apparel Has Been Prejudiced by Moses's Conduct</u>

"A defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013)(quoting *Shavers*, 516 F. App'x at 570). American Apparel has been prejudiced because it has been unable to move forward in its trial preparation without Moses's responses to its discovery requests and her refusal to submit to a deposition. The record shows that American Apparel has attempted to complete discovery within the timeframe and parameters set forth by the court, while Moses has consistently ignored the discovery deadlines. Moses's filing of her initial disclosures and her responses to American Apparel's written discovery were untimely. Moses has still not responded to American Apparel's second attempt to receive written discovery ignoring this court's April 2, 2015 order.

To allow American Apparel to receive responses to its discovery requests and depose Moses, the discovery deadline was extended to May 15, 2015. Moses neither appeared at two scheduled depositions nor did she respond to American Apparel's discovery requests by the extended deadline. Further, Moses

interfered with American Apparel's third-party subpoenas which further delayed discovery.

Moses's failure to respond to American Apparel's discovery requests and her interference with the third-party subpoenas has forced American Apparel to waste time, money and effort in pursuit of the information that Moses was legally obligated to provide. American Apparel has been forced to file motions before the court addressing, *inter alia*, Moses's failure to timely respond to American Apparel's discovery requests, Moses's interference with the third-party subpoenas, and Moses's various frivolous motions. Moses, on the other hand, has not sought any discovery from American Apparel, and moreover, has attempted to prevent her case from going forward due to a variety of reasons, (*See* ECF Nos. 111, 124, 143, and 161). Accordingly, American Apparel has been highly prejudiced by Moses's conduct.

C. <u>Whether Moses Has Been Warned that Her Conduct Could Lead to Extreme Sanctions</u>

Prior notice, or the lack thereof, is a key consideration in determining whether dismissal under Rules 41 and 37 is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough,* 138 F.3d at 615). Moses was indisputably on notice from the court that failure to abide with the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules would lead to extreme sanctions such as dismissal of her claims.

Despite being admonished no less than five separate times over the course of this litigation to consult with American Apparel counsel and to serve copies of pleadings on counsel for American Apparel, Moses has continually failed to consult with American Apparel counsel prior to filing any motions and has not served copies of motions on counsel for American Apparel. (*See* ECF Nos. 5, 16, 23, 29, 48.)  Further, on November 5, 2014, the court firmly warned Moses that "failure to comply with discovery orders of this court will lead to dismissal of her complaint as a sanction under Rule 37(b)(2)(A)." (Order 9, ECF No. 62.)  On April 2, 2015, the court again warned Moses that failure to respond to American Apparel's discovery request would result in dismissal of the complaint. (*See* ECF No. 133.)  Despite the ample warnings, Moses has persisted in failing to abide with the court's orders.  This factor is therefore satisfied.

D.   Whether Less Drastic Sanctions Were Imposed or Considered

While the court is not required "to incant a litany of the available lesser sanctions," the court has previously considered and imposed significant financial sanctions on Moses.  *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). On November 5, 2014, the court sanctioned Moses monetarily for her failure to respond to American Apparel's discovery requests and to provide initial disclosures. (ECF No. 62.)  Following this order, Moses engaged in identical conduct and again failed

to respond to American Apparel's discovery requests, which resulted in further monetary sanctions. (ECF No. 150.) These less drastic remedies imposed on Moses were ineffective, and therefore, it is clear that further financial sanctions would have no practical deterrent effect on Moses.[6]

While dismissal is a sanction of last resort, it is warranted here. All the factors weigh in favor of dismissing Moses's complaint. The record is abundant with evidence of Moses's bad faith and dilatory conduct. The court has frequently issued clear and definite warnings to Moses and imposed lesser sanctions which have not deterred her conduct. Lastly, American Apparel has been greatly prejudiced by Moses's failure to cooperate and abide with the court's orders. Therefore, the court recommends dismissal of Moses complaint under Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A).[7]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the court

---

[6]In any event, given Moses's *in-forma-pauperis* status, it is likely that further financial sanctions would be ineffective. *See Shavers*, 516 F. App'x at 571.

[7]In addition to Rules 41(b) and 37(b)(2)(A), the court may impose sanctions pursuant to its inherent power "'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011)(quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991)). Having determined *supra* that Moses has acted in bad faith in pursuing this litigation, the court recommends that dismissal is also warranted under the court's inherent power to impose sanctions.

dismiss Moses's complaint under Fed. R. Civ. P. 41(b) and
37(b)(2)(A).

Respectfully submitted this 10th day of July, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this
report and recommended disposition, a party may serve and file
written objections to the proposed findings and recommendations.
A party may respond to another party's objections within
fourteen (14) days after being served with a copy. Fed. R. Civ.
P. 72(b)(2). Failure to file objections within fourteen (14)
days may constitute a waiver of objections, exceptions, and
further appeal.