**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| PAMELA MOSES, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>AMERICAN APPAREL RETAIL, INC. and )<br>SOPHIE STRAUSS, )<br> )<br>  Defendants. ) | No. 13-cv-2753-SHL-dkv |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANT AMERICAN APPAREL RETAIL, INC.'S MOTIONS TO DISMISS**

  Plaintiff filed a *pro se* complaint on September 27, 2013, alleging that Defendants insulted her and refused to sell her merchandise.[1] Plaintiff's complaint includes claims of discrimination under 42 U.S.C. § 1981, intentional infliction of emotional distress and negligent hiring, training and supervision.

  Before the Court are Defendant American Apparel's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (ECF No. 82), filed on November 24, 2014, Plaintiff's response thereto (ECF No. 99), filed on December 16, 2014, Defendant American Apparel's Motion for Sanctions and/or to Compel (ECF No. 152) and Defendant American Apparel's Motion to Dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(A) (ECF No. 167). Plaintiff did not respond to the latter two motions. On July 10, 2015, Magistrate Judge Vescovo issued a Report and Recommendation (ECF No. 170), recommending that Plaintiff's claims be dismissed. Plaintiff filed objections to the Report and Recommendation on July 27, 2015 and therefore the Court reviews the motion *de*

---

[1] At the time of the incident, Defendant Strauss was a manager at the American Apparel store in Memphis, Tennessee, where the alleged incident took place.

*novo*. (ECF No. 171.)² For the reasons set forth below, the Court hereby ADOPTS the Report and Recommendation, and Plaintiff's complaint is hereby DISMISSED.

## BACKGROUND

Plaintiff filed her complaint on September 27, 2013. There has been a flurry of activity since, resulting in more than 170 entries on the docket. Despite the time that has passed and the activity that has taken place, Plaintiff has yet to serve Defendant Sophie Strauss, provide complete responses to Defendant American Apparel's discovery requests or appear for a deposition. Instead, Plaintiff has engaged in what the Magistrate Judge described as "dilatory," "contumacious" and "obstructionist" behavior that demonstrates an unwillingness to prosecute her case.

The Magistrate Judge detailed Plaintiff's activities and the procedural history of this case in depth in her Report and Recommendation. The Court adopts those findings of fact in full. Plaintiff's activity can be summarized as follows:

1) Plaintiff failed to either provide a correct address for the Marshal to serve Strauss or serve her personally. After three unsuccessful attempts to serve Strauss, the Court denied Plaintiff's third motion to issue process, but gave her additional time to personally serve Strauss. Plaintiff failed to do so and instead asked the Court to order the Marshal to attempt to serve process again. The Court denied this request but gave Plaintiff one last chance to personally serve Strauss. Instead of serving Strauss, Plaintiff filed two more motions to serve process or extend the deadline to do so.

2) Plaintiff provided her discovery responses more than a month after they were due. When she finally provided them, they were incomplete and did not adequately respond to 20 of American Apparel's interrogatories and 23 of its requests for production.

3) Plaintiff repeatedly failed to produce complete responses to discovery requests after the Court entered two different orders to compel these responses. The Court also ordered Plaintiff to pay the attorney's fees American Apparel incurred in preparing its

---

² Plaintiff's objections are untimely, but, in light of Plaintiff's *pro se* status, the Court will take her objections into consideration.

motions to compel, and Plaintiff has yet to begin paying these fees or set up a payment plan.

4) Plaintiff filed repetitive motions after the Court denied her initial requests. Specifically, Plaintiff filed a motion for protective order regarding certain materials (her education and mental health records). After the Court denied the motion, she filed a second identical motion. Plaintiff also filed two motions to quash the subpoenas requesting this same information after the Court denied her first, identical motion to quash. Finally, Plaintiff filed a second motion for the Magistrate Judge to recuse herself after the Court already denied her first, identical motion.

5) After the Court denied Plaintiff's third motion to quash, Plaintiff e-mailed Union University and the University of Tennessee from her personal e-mail account pretending to be an attorney, and instructed them not to respond to the "illegal" subpoenas.

6) Plaintiff refused to cooperate with American Apparel to set up a suitable deposition date. When American Apparel ultimately noticed Plaintiff to take her deposition, she failed to appear on two occasions and still has yet to be deposed. Plaintiff did not give notice that she could not attend the first deposition until the day it was scheduled, and she did not give notice that she could not attend the second deposition until the day before it was scheduled.

7) Plaintiff filed a motion for Rule 11 sanctions against American Apparel's attorneys without complying with the mandatory safe harbor provisions of that rule.

8) Plaintiff sent an improper *ex parte* e-mail to the Court. After being warned not to communicate about a pending matter directly with the Court, Plaintiff sent the same e-mail to Judge Fowlkes the next day.

9) Plaintiff filed a frivolous motion seeking sanctions against American Apparel under Rule 37.

10) Plaintiff filed numerous motions for a stay, despite the Court repeatedly denying these motions.

11) The Court repeatedly warned Plaintiff that failure to follow the Local Rules could result in the dismissal of her case. Despite these warnings, Plaintiff has never followed Local Rule 7.2, which requires consulting with the opposing party prior to filing most motions.

12) Plaintiff failed to respond to American Apparel's most recent motions for sanction and to dismiss. (ECF No. 152 & 167.)

## ANALYSIS

The Magistrate Judge concluded that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A) and Fed. R. Civ. P. 41(b) because of "[Plaintiff's] conduct of not following orders of the court, not providing discovery responses, not paying court-ordered sanctions, refusing to be deposed, and actively taking steps to thwart discovery by interfering with American Apparel's subpoenas." The Court agrees.

Federal Rule of Civil Procedure 37(b)(2)(A) empowers the court to issue several sanctions if a party fails to obey a discovery order. These sanctions include dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). However, dismissal may only be imposed "if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154-55 (6th Cir. 1988) (citing Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir. 1985)). Likewise, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or a court order.

Dismissal under either Rule 37(b)(2)(A) or 41(b) is exceedingly rare. Dismissal under Rule 37 for failure to cooperate in discovery is "the sanction of last resort." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994). Courts should only dismiss a case under Rule 41(b) when there is a "clear record of delay or contumacious conduct by the plaintiff" and when the plaintiff "is inexcusably unprepared to prosecute the case." Shavers v. Bergh, 516 F. App'x 570 (6th Cir. 2013) (citations and internal quotation marks omitted).

In determining whether to dismiss an action under either Rule 37(b)(2)(A) or Rule 41(b), the court examines four factors: (1) whether the party acted with willfulness, bad faith or fault;

(2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered.  See Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Shavers, 516 F. App'x  at 569-70.  Typically, none of the factors is dispositive; instead, a case is properly dismissed when, in light of the four factors, there is a clear record of delay or contumacious conduct.  Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).  Here, all four elements support dismissing Plaintiff's complaint, and, in light of Plaintiff's clear record of delay and refusal to comply with the Court's orders, dismissal is an appropriate sanction.

    First, the record supports a finding that Plaintiff acted willfully, in bad faith and is at fault.  "Willfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Shavers, 516 F. App'x at 570 (quoting Schafer v. City of Defiance Police Dept., 529 F.3d 731, 737 (6th Cir. 2008)).  Here, Plaintiff has repeatedly failed to obey the Court's orders and comply with the local rules.  The Court repeatedly ordered Plaintiff to serve Defendants with copies of her filings in accordance with the Local Rules and warned her that failure to comply could result in dismissal of her case.  Despite these explicit warnings, Plaintiff has never complied with the Court's order to follow the Local Rules.  In addition, Plaintiff failed to accept the Court's orders on her motions, repeatedly filing repetitious motions on the same issues on which the Court has already ruled.  Furthermore, Plaintiff has failed to serve complete discovery responses to American Apparel or serve process on Defendant Sophie Strauss despite being ordered to do so multiple times.  Perhaps of greatest significance to the prosecution of this case, Plaintiff has failed to appear at her own deposition twice after being

properly noticed and American Apparel has thus been unable to depose her. See Bell & Beckwith v. U.S., I.R.S., 766 F.2d 910, 912 (6th Cir. 1985) (affirming dismissal of plaintiff's complaint under Rule 37 in light of his "repeated, unexplained failures to appear for depositions"). Finally, Plaintiff interfered with American Apparel's lawful subpoenas by e-mailing Union University and the University of Tennessee pretending to be an attorney and warning these institutions not to respond to the subpoenas.

The second factor also weighs in favor of dismissal because Plaintiff's conduct has prejudiced American Apparel. "A defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" Wright v. City of Germantown, Tenn., No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting Shavers, 516 F. App'x at 570). Here, Plaintiff's conduct has prejudiced American Apparel because it has been unable to move forward in its trial preparation due to Plaintiff's incomplete responses to discovery requests and refusal to appear for a properly noticed deposition. American Apparel has also been prejudiced by being compelled to respond to Plaintiff's frivolous motions. Finally, Plaintiff prejudiced American Apparel by attempting to prevent Union University and the University of Tennessee from responding to American Apparel's lawful subpoenas for information.

The final two factors also weigh in favor of dismissal. The Court has warned Plaintiff on five separate occasions that her failure to follow the Rules of Civil Procedure, this Court's Local Rules and this Court's orders could result in dismissal of her complaint. Plaintiff has refused to heed the Court's warnings. In addition, the Court has previously imposed financial sanctions on Plaintiff to no avail. On November 5, 2014, the Court imposed monetary sanctions on Plaintiff for failing to respond to American Apparel's discovery requests and provide initial disclosures.

Despite these sanctions, Plaintiff engaged in the identical conduct (failing to respond to American Apparel's discovery requests) which resulted in the Court imposing further monetary sanctions. None of these sanctions have been paid. In essence, the Court has imposed lesser sanctions, with the warning that more extreme sanctions would be next. However, the Court's admonitions did not alter Plaintiff's actions in this case.

Given the willfulness, bad faith and fault attributable to Plaintiff's actions, the prejudice American Apparel has suffered, the fact that the Court has previously warned Plaintiff that dismissal would occur if she did not comply with the Rules and the attempt to impose less drastic sanctions first, dismissal is appropriate here. Therefore, Defendant American Apparel's Motion to Dismiss is GRANTED. Furthermore, because Plaintiff has failed to serve Defendant Sophie Strauss within the deadline set by this Court, Plaintiff's claims against Sophie Strauss are also DISMISSED.

**IT IS SO ORDERED,** this 6th day of August, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
